Reese, J.
delivered the opinion of the court.
The bill alleges that the complainant obtained a judgment at law against Brown for upwards of $3000, that an execution was issued, and milla bona returned thereon. That Brown, to secure creditors, had made a deed-of trust, conveying to one Hill, as trustee, a large amount of real and personal property; that a sale of the property was made by the said trustee, Hill, and that various persons became purchasers at the sale of the property. The bill alleges, that the deed of trust was fraudulent and void as to complainant, and that the purchasers had notice thereof at the sale, and are affected thereby; and it prays that the said deed and sale be set aside, and that the said Brown, the said trustee, Hill, the creditors, secured by said deed, and the purchasers at the said sale, be made parties to the suit. The bill also sets forth, that the said Brown and one Smithers, ai’e partners in trade, under the firm and style of Brown & Smithers, and that he had obtained against them a judgment at law, for a considerable sum, (which is stated,) that an execution was issued thereon, and was returned nulla bona. That said Brown & Smithers, to secure certain creditors of theirs, had conveyed by a deed of trust to one Clarkson, as trustee, certain property therein mentioned; that said deed of trust is fraudulent and void as to the judgments and claims of the complainant, and prays that it be set aside, and that the said Brown & Smithers, and the trustee in said deed, and the creditors secured thereby, be made parties defendant to the suit.
The defendants have all joined in demurring to the bill for multifariousness. The chancellor saw fit to sustain the demurrer and to dismiss the bill, and the complainant has appealed to this court.
Mr. Justice Story has justly remarked, that numerous as are the cases upon this subject, no principle can be extracted from them, that can be safely adhered to as a general rule, but the courts must determine each case upon its own peculiar circumstances. While multiplicity of actions on the one hand, ought to be avoided, we should be careful, on the other, to guard against that complication and confusion in the investigation of rights, and the application of remedies, arising from the attempt to blend in one suit, distinct and incongruous claims and liabilities. The interest and liability of defendants may be separate, and yet they can be joined in the *329 same suit. But, then, their liability must flow from the same fountain; their interests radiate from some common centre; as if they have distinct portions of complainant’s distributive share, or have purchased severally and each for himself from complainant’s testator separate portions of his trust property, and in such like cases. It is upon this principle, perhaps, that the judgment in the case of Fellows vs. Fellows, 4 Cowen, 682, Gan be maintained, if at all maintainable. In that case, several persons, at distinct times and without confederation with each other, had fraudulently purchased separate portions of property of B., the debtor of A., and who had a judgment agrinst B. It was held, that a bill filed against all, was not multifarious. B. the common and fraudulent vendor to all the defendants, was the debtor to A., and constituted a common connecting link, a central point to all. That case goes further than any of which we are aware. But it does not go far enough to vindicate the bill before us from the objection of multifariousness brought against it in the demurrer. "
The complainant has a judgment at law against Brown; the latter makes a deed of trust to secure certain creditors, and a sale takes place under said deed, and there were divers purchasers of separate articles of property. If the deed of trust and the sale be fraudulent, the complainant with proper averments, may well make Brown, the trustee, the creditors intended to be secured by the deed of trust, and the purchasers at the sale which took place under it, parties defendant to the same bill; because Brown, the debtor of the complainant, is the source and origin of all their claims, the common centre, the connecting link between the complainant and all the defendants. But this ceases to be the case when you go a step further, to the judgment againstthe firm of Brown & Smithers; to the deed of trust to secure the creditors of the firm. When you make Smithers, the trustee in the last mentioned deed, and the creditors of the firm, parties to the same bill filed against the trustee, creditors and purchasers under the deed first set forth, there ceases to be any common centre, any one connecting link. The rights and liabilities do not spring out of or radiate from any one point or person. The creditors of the firm have no connection with the creditors and purchasers under Brown, and it would not be expedient or proper'that their interests and liabilities should be involved in the same suit.
We think, therefore, that the demurrer was properly sustained; *330 but we regret that' the complainant did not upon the demurrer being sustained, move the chancellor to dismiss his bill as to Smithers and those claiming under the firm or partnership deed of trust, and to retain the suit as to the others. We suppose it would have been proper for the chancellor, if thus moved, so to have ordered. But as the complainant has placed himself before us upon the question raised by the demurrer, and the decree thereon, we apprehend that we are at liberty to do no more here, than to dismiss the bill, in consequence of aififming the chancellor’s decree, whieh we reluctantly do, but without prejudice.